IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTA ROLANDO HARRIS          *
        Petitioner
  v.                          *   CIVIL ACTION NO. WMN-07-266

UNITED STATES OF AMERICA      *
        Respondent.
                            ***

**MEMORANDUM**

Donta R. Harris ("Harris"),[1] an inmate confined at the United States Penitentiary-Lee in Jonesville, Virginia, filed various documents received by the court on January 26, 2007, including a motion to request to seal documents, a special payment order under the Uniform Commercial Code, and an international bill of exchange. Harris seemingly relates these documents to the payment of the appellate filing fee.[2]

Even after affording these documents a generous construction, the nature of the cause of action is indecipherable. Harris's nonsensical documents do not make out a claim under this Court's federal question jurisdiction. His cause of action shall be dismissed by separate order.[3]

                                                      /s/
Date: February 7, 2007                _____
                                                William M. Nickerson
                                                Senior United States District Judge

---

    [1]    After four days of a jury trial Harris was re-arraigned and entered guilty pleas to multiple counts of bank robbery and use and possession of a firearm in a crime of violence in violation of 18 U.S.C. § 2113 & 924(c). *See United States v. Harris*, Criminal No. WMN-02-0381 (D. Md.). He was sentenced to a total 50-year term on January 13, 2004, and also directed to pay a special assessment of $1,300.00 and restitution in the amount of $169,613.00.

    [2]    Harris cites to the matter of *Harris v. United States*, CA-07-6045 (4th Cir. 2007), which involves the appeal of the December 6, 2006 denial of Harris's 28 U.S.C. § 2255 motion. The record does not reflect that the filing of an appellate fee has been ordered in that matter. Indeed, it would appear that a filing fee is not required for an appeal of that § 2255 motion as appointed counsel was approved for Harris during the criminal case and Harris's pauper status is presumed to continue on § 2255 appeal.

    [3]    Neither the civil filing fee nor an in forma pauperis motion accompanied the document. This omission is of no moment as the case is subject to dismissal.